IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:23-CR-14-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)      ORDER<br>CHARLES LAMONT GREGORY, III )<br>)<br>Defendant. )<br>) | |

This matter is before the court on defendant's motion to suppress certain evidence allegedly obtained in violation of the Fourth and Fifth Amendments to the United States Constitution. (DE 24). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion be denied. (DE 30). Defendant timely objected to the M&R, and the government responded. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion to suppress is denied.

### STATEMENT OF THE CASE

Indictment filed July 5, 2023, charges defendant with possession with intent to distribute a quantity of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924.

Defendant filed the instant motion August 23, 2023, seeking suppression and exclusion of all evidence obtained during a traffic stop on August 7, 2022, in Elizabeth City, North Carolina, assertedly in violation of the Fourth and Fifth Amendments to the United States Constitution. In support of the motion, defendant relies upon the following documents and video footage: 1) a police report regarding the traffic stop by Officer Joel David Colon ("Colon") dated August 25, 2022, 2) footage from the body camera Colon wore during the stop, and 3) footage from the body camera Officer Joseph Manuel Felton ("Felton") wore during the traffic stop.

The government responded in opposition to the instant motion on September 5, 2023. After briefing completed on the motion to suppress, the court held hearing on May 11, 2020, at which the court heard testimony of Colon and Felton.

On November 9, 2023, the magistrate judge entered M&R recommending that the instant motion be denied. Defendant filed objections November 28, 2023, and the government responded in opposition November 29, 2023.

## STATEMENT OF FACTS

The court incorporates herein for ease of reference the facts set forth in the M&R.

> The facts of the instant case are as follows. On August 7, 2022, around 12:06 a.m., Elizabeth City Police Officer Colon initiated a traffic stop of a Subaru after observing that the vehicle had an expired license plate. At the hearing, Officer Colon testified that as the vehicle turned off the main road and into a gas station parking lot, he saw the driver throw a bag outside of the passenger-side window. Gregory, the driver, was the sole occupant of the Subaru.
>
> Officer Colon approached the Subaru and instructed Gregory to turn off the car, hand over the keys, and step out of the vehicle. Colon then placed Gregory in handcuffs, explaining that he initially stopped him for expired tags, but that he was now under arrest for the bag that was thrown out of the Subaru. Gregory denied knowledge of the bag. At this point, Colon directed Officers Felton and Taylor, who had arrived as backup, to retrieve the bag from the roadside. Colon also placed Gregory in the back seat of a patrol car.

2

After retrieving the bag, Officers Taylor, Felton, and Colon were unable to deduce its contents; they speculated, however, that the substance inside might be fentanyl. At this point, Felton approached the patrol car and asked Gregory about the bag's contents, concerned for the officers' safety. Gregory simply responded that the bag was not his, which Felton relayed to the other officers. Around the same time, Colon returned to the patrol car and asked Gregory if there was anything illegal inside the Subaru. Gregory's response, as heard on Colon's body cam footage, is inaudible, and neither the defense nor the Government claimed otherwise ,at the suppression hearing.

Following the conversation with Gregory, Colon began to search the Subaru. During the search, Colon told another officer that he suspected that the baggie thrown from the Subaru contained crack cocaine. Colon also located a firearm in the glove box. Sergeant Mariner, another responding officer, identified Gregory as a convicted felon. Subsequently, Gregory was transported to the magistrate's office for processing.

(M&R (DE 30) at 2-3).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

   1. Factual Objection

Defendant objects to the "magistrate judge's finding that [defendant] threw an item out of his window." (DE 33 at 3).

The magistrate judge did not make a definitive finding that defendant threw an item out of the car window; instead, he simply noted that "Colon testified at the suppression hearing that he saw the Subaru's driver toss a bag from the passenger window after he activated the patrol car's blue lights, and [defendant] offered no evidence to refute this version of events." (M&R (DE 30) at 7). He concluded that, based on the evidence presented at hearing, the search of defendant's car was justified under the Fourth Amendment where "a reasonable officer could objectively conclude . . . that there was contraband inside the Subaru." (Id.). Whether defendant actually threw an item out his window remains a question to be resolved at trial by jury. Accordingly, defendant's factual objection is overruled.

   2. Legal Objection

Defendant also "believes that [the magistrate judge's] interpretation of the law is incorrect and that his Fourth and Fifth Amendment rights were violated during the traffic stop and subsequent search and question and that any evidence seized is fruit of the poisonous tree and should be suppressed." (DE 33 at 4). The objection is general and conclusory, and does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

In any event, the magistrate judge correctly determined through cogent and thorough analysis in the M&R that defendant's arguments are without merit. The magistrate judge determined that defendant had no reasonable expectation of privacy in the contents of the bag

4

where either he "willingly exposed the bag and its contents to anyone traversing the public road" or never possessed it. (M&R (DE 30) at 4). The magistrate judge also determined that defendant's expired license plate provided probable cause for the traffic stop, (id. at 5), that the evidence regarding defendant's expulsion of the bag from his vehicle provided probable cause for a search of that vehicle, (id. at 7), and that no incriminating statements to which the Fifth Amendment would apply were obtained as a result of the stop or search. (Id. 8-9).

Accordingly, the court adopts the analysis of the M&R on this issue, and defendant's conclusory objections are overruled.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 30) and DENIES defendant's motion to suppress. (DE 24).

SO ORDERED, this the 27th day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge